Achille Labby
vs.                    } Eq. No. 11390.
Joseph F. Wright, et al.

December 22, 1933.

WALSH, J. Heard on demurrer to bill of complaint as amended.

The facts alleged in the bill and admitted by the demurrer are as follows: Frederick Wright died on February 20, 1922; "probate on the estate of said Frederick Wright was duly commenced and on March 20, 1925, said estate was closed and the estate remaining after payment of just debts and other usual expenses incidental to the administration of estates was duly distributed to the respondents;" that on September 15, 1920, Frederick Wright conveyed to complainant two lots of land with buildings, etc., thereon on Dexter and Plymouth Streets in the City of Providence by warranty deed with covenants that he was lawfully seized in fee simple of said lots, that they were free from all encumbrances except taxes assessed thereon for the year 1920, that he had good right, full power and lawful authority to sell and convey the same, that the complainant and his heirs and assigns should peaceably have and enjoy said premises and that he, said Frederick Wright, and his heirs, executors and administrators, should warrant and defend said premises against the lawful claims and demands of all persons. The complainant entered upon said premises and on October 7, 1925, attempted to convey said premises to one Mellillo and an alleged defect in the title of said Frederick Wright was then discovered for the first time. Shortly after this date, a second alleged defect was discovered. In 1931, another alleged defect was discovered and on February 9, 1932, the present bill was filed.

Complainant is proceeding under the provisions of General Laws 1923, Chapter 369, Sec. 19 to 25 inclusive. Sec. 20 provides:

"Any creditor holding a contingent claim, the right of action on which did not accrue during said period of two years, who shall bring his action within one year after his right of action accrues, and any creditor who from accident, mistake, or unforeseen cause has failed to file his claim within one year after the said first publication of notice who shall bring his action not later than three years after said first publication, may recover such claim against the heirs and next of kin of the deceased * * * each of whom shall be liable to the creditor to an amount not exceeding the value of real or personal estate that he has received from the deceased."

The bill states that these covenants are real covenants in praesenti and were broken, if at all, at the instant of their creation. Hence, they did not run with the land and the rights of action thereon became immediately available to the grantee or his personal representatives. Covenants in praesenti do not require the eviction of the convenantee under a paramount title to constitute a breach. Therefore, this claim was not contingent.

*Reinhalter* vs. *Hutchins*, 26 R. I. 586.

The complainant according to the bill knew of the defects in his title

on or about October 7, 1925, at the time of the Mellillo transaction. The bill states that the estate of Frederick Wright was closed on March 20, 1925. A timely inquiry easily would have set him right. The legislative intent as expressed in the statute is to encourage prompt settlement and distribution of estates. The policy of our Courts in cases such as this is to grant relief only when refusal to grant such relief would result in undeserved hardship to complainant and would not impose an unfair burden on others interested in the estate.

*Torek* vs. *Butler*, 50 R. I. 347.

The demurrer to the amended bill of complaint is sustained on grounds one, four and five and is overruled on grounds two and three.

For complainant: J. Raymond Dubee.

For respondents: Hartigan, Mullen & Roberts, Harlow & Boudreau.